1

2

3        UNITED STATES DISTRICT COURT

4        EASTERN DISTRICT OF WASHINGTON

5

GARY L. KOENIG,                              NO:  CV-13-0412-FVS
6
                                             ORDER GRANTING DEFENDANT'S
7                        Plaintiff,          MOTION FOR SUMMARY
                                             JUDGMENT AND DENYING
8        v.                                  PLAINTIFF'S MOTION FOR
                                             SUMMARY JUDGMENT
9        CAROLYN W. COLVIN,

10                       Defendant.

11

12        BEFORE THE COURT are the parties' cross motions for summary

judgment. ECF Nos. 15 and 22. This matter was submitted for consideration
13
without oral argument. Plaintiff was represented by Donald C. Bell. Defendant was
14
represented by Thomas M. Elsberry. The Court has reviewed the administrative
15
record and the parties' completed briefing and is fully informed. For the reasons
16
discussed below, the court grants Defendant's Motion for Summary Judgment and
17
denies Plaintiff's Motion for Summary Judgment.
18
                              **JURISDICTION**
19
        Plaintiff Gary L. Koenig protectively filed for disability insurance benefits
20
on January 24, 2011 (Tr. 242-243), and supplemental security income ("SSI") on

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 1

1    January 26, 2011 (Tr. 244-249). Plaintiff alleged an onset date of September 11,

2    2007. Tr. 242, 244. Benefits were denied initially (Tr. 192-195) and upon

3    reconsideration (Tr. 198-201). Plaintiff requested a hearing before an

4    administrative law judge ("ALJ"), which was held before ALJ Marie Palachuk on

5    August 8, 2012. Tr. 64-103. Plaintiff was represented by counsel and testified at

6    the hearing. *Id*. Medical experts Donna M. Veraldi, Ph.D. and Harvey Alpern,

7    M.D. testified. Tr. 70-78. Vocational expert K. Diane Kramer also testified. Tr. 97-

8    102. The ALJ denied benefits (Tr. 7-28) and the Appeals Council denied review.

9    Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 405(g).

10                            **STATEMENT OF FACTS**

11        The facts of the case are set forth in the administrative hearing and

12    transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner,

13    and will therefore only be summarized here.

14        Plaintiff was 51 years old at the time of the hearing. Tr. 79. He completed

15    his GED. Tr. 80. Plaintiff's most recent employment was stacking apple boxes in a

16    packing house. Tr. 83-84. Plaintiff testified that previous employment included

17    seasonal work as a bailer at a floral place (Tr. 86), seasonal work at a fish hatchery

18    (Tr. 86-88), and a fire protection helper (Tr. 89-90). Previous to these jobs Plaintiff

19    worked in the logging industry for 10-15 years. Tr. 84-85. Plaintiff claims

20    disability based on scoliosis, COPD, hypertension, back and neck problems, anger

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 2

and concentration. Tr. 198. He testified that he has dull throbbing pain on a daily

basis; GERD; and trouble sleeping. Tr. 91-96. He experiences side effects from his

medication including drowsiness. Tr. 92. Plaintiff testified he has not walked more

than 50-60 feet in two or three years, and cannot lift. Tr. 93.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

limited: the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153,

1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means

relevant evidence that "a reasonable mind might accept as adequate to support a

conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently,

substantial evidence equates to "more than a mere scintilla[,] but less than a

preponderance." *Id.* (quotation and citation omitted). In determining whether this

standard has been satisfied, a reviewing court must consider the entire record as a

whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner. If the evidence in the record "is susceptible

to more than one rational interpretation, [the court] must uphold the ALJ's findings

if they are supported by inferences reasonably drawn from the record." *Molina v.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 3

*Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis

proceeds to step two. At this step, the Commissioner considers the severity of the

claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the

claimant suffers from "any impairment or combination of impairments which

significantly limits [his or her] physical or mental ability to do basic work

activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c);

416.920(c). If the claimant's impairment does not satisfy this severity threshold,

however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to

several impairments recognized by the Commissioner to be so severe as to

preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the

claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity

of the enumerated impairments, the Commissioner must pause to assess the

claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

work, the analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above.

*Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If

the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy." 20 C.F.R. § §

404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful

activity since September 11, 2007, the application date. Tr. 12. At step two, the

ALJ found Plaintiff has the following severe impairments: left shoulder, neck and

upper back strain, chronic; chronic obstructive pulmonary disease (COPD)

possibly secondary to asbestos exposure; hypertension, controlled;

gastroesophageal reflux disease (GERD), controlled; left knee osteoarthritis;

Achilles tendinitis; anti-social personality disorder; alcohol dependence by history,

questionable continued use; and marijuana continued use. Tr. 12. At step three, the

ALJ found that Plaintiff does not have an impairment or combination of

impairments that meets or medically equals one of the listed impairments in 20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 7

C.F.R. Part 404, Subpt. P, App'x 1. Tr. 13. The ALJ then found that Plaintiff had

the RFC

> to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)
> except maximum two hour stand and walk at one time; occasionally climb
> ramps and stairs, balance, kneel, stoop, crouch, and crawl; never climb
> ladders, ropes or scaffolds; occasional bilateral overhead reaching; avoid
> concentrated exposure to extreme cold, humidity, vibration, hazardous
> machinery and heights; and all exposure to respiratory irritants; able to
> understand, remember and carry out simple routine and repetitive tasks; able
> to sustain concentration, persistence and pace on simple routine and
> repetitive tasks; no interaction with the public; and only occasional
> superficial (defined as non-collaborative) interaction with coworkers and
> supervisors.

Tr. 15. At step four, the ALJ found Plaintiff is unable to perform any past relevant

work. Tr. 22. At step five, the ALJ found that considering the Plaintiff's age,

education, work experience, and RFC, there are jobs that exist in significant

numbers in the national economy that Plaintiff can perform. Tr. 23. The ALJ

concluded that Plaintiff has not been under a disability, as defined in the Social

Security Act, from September 11, 2007, through the date of the decision. Tr. 24.

## ISSUES

The question is whether the ALJ's decision is supported by substantial

evidence and free of legal error. Specifically, Plaintiff asserts (1) the ALJ erred in

her application of res judicata; (2) the ALJ failed to properly credit the treatment

records and opinions of Dr. Michael Bordner, Dr. Catherine A. MacLennan, and

Deborah Fisher, PA-C; (3) the ALJ improperly rejected Plaintiff's testimony

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 8

concerning his limitations; and (4) the ALJ's step five findings are flawed. ECF No. 15 at 14-20. Defendant argues (1) the ALJ did not improperly apply res judicata to Plaintiff's prior claim; (2) the ALJ properly evaluated the medical evidence of record; (3) the ALJ properly found Plaintiff's subjective complaints not fully credible; and (4) the ALJ's step five findings were supported by substantial evidence. ECF No. 22 at 2-19.

## DISCUSSION

### A. Res Judicata

In October 2007, Plaintiff filed a claim alleging disability beginning on September 11, 2007, the same alleged onset date claimed in the instant case. Tr. 107. This previous claim resulted in an unfavorable decision finding that Plaintiff was capable of light work through April 9, 2010, the date of that decision. Tr. 104-117. During the hearing, Plaintiff's counsel and the ALJ had the following discussion regarding Plaintiff's alleged onset date:

> **ALJ**: Okay, lastly, [Plaintiff's counsel], I needed to cover something with you with regards to the onset date. I've read your brief and I'm somewhat confounded by your procedural statements so let me tell you what my position is. There is an ALJ decision that was issues [sic] on April 9, 2010. My understanding that was appealed to the Appeals Council who affirmed the ALJ's decision. That has subsequently been appealed to the U.S. District Court.
> **ATTY**: No –
> **ALJ**: As far as I'm concerned, anything prior to that ALJ decision is res judicata. If the district court chooses to take action on a case or remand the case they will be dealing with all time periods prior to that ALJ decision. Therefore, I am going to issue a procedural ruling that everything prior to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

that decision is res judicata and the only authority I have becomes effective as of April 10, 2010.

**ATTY**: Your Honor, I've discussed that issue with my client. Also, I would advise, and I think I set it out in my pre-hearing, there was no appeal filed in the U.S. District Court in this case.

**ALJ**: Oh, I thought there was an appeal filed.

**ATTY**: No appeals, no, and we've discussed that issue and he's aware that you cannot under current regulations apparently issue a decision going back to prior to April 10, 2010.

Tr. 67-68. Plaintiff argues the ALJ improperly applied the doctrine of res judicata. ECF No. 15 at 15-16. First, the court notes that Plaintiff appears to concede at the hearing that the ALJ is *not* required to consider evidence prior to April 10, 2010. Tr. 68. However, in his briefing, Plaintiff fails to acknowledge that "[t]he Commissioner may, as she did here, apply res judicata to bar reconsideration of a period with respect to which she has already made a determination, by declining to reopen the prior application." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). Second, Plaintiff is correct that it is well settled in the Ninth Circuit that the principle of res judicata should not be rigidly applied in administrative proceedings. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). In *Chavez*, however, the court held that "in order to overcome the presumption of continuing nondisability arising from the first [ALJ's] findings of nondisability, [Plaintiff] must prove 'changed circumstances' indicating a greater disability." *Id*. As noted by Defendant, "the ALJ [in this case] did not hold Plaintiff to a presumption of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

continuing nondisability and, therefore, it is clear she did not apply res judicata to the prior finding of nondisability." ECF No. 22 at 5.

Third, as persuasively argued by Defendant, despite the ALJ's declared intent to apply res judicata at the hearing, her written decision considers "on the merits" the issue of Plaintiff's disability during the already adjudicated period, and is therefore a de facto reopening of the prior period for judicial review. *See Lester*, 81 F.3d at 827 n.3. The ALJ's decision considers a substantial amount of evidence from the already adjudicated period prior to April 10, 2010, including: x-rays from 2008 (Tr. 335-336); medical opinions from the already adjudicated time period (Tr. 301-310); and treatment records dated prior to April 2010 (Tr. 321-324, 334, 343-344). *See* ECF No. 22 at 4-5. Moreover, the written decision consistently refers to the onset date as September 11, 2007, and never directs any revision of the onset date. Tr. 10, 12, 24.

Most notably, despite Plaintiff's repeated argument that the ALJ erred by applying res judicata because she failed to consider medical opinions from Deborah Fisher, PA-C assessed in July 2008 and January 2010 (Tr. 301-310), these opinions are included in the record and accorded weight in the ALJ's decision.[1] Tr.

---

[1] Plaintiff asserts, in the alternative, that if the ALJ did not improperly apply res judicata, she "violated the 'other source rule'." ECF No. 23 at 4. The court assumes Plaintiff is referring to the weight given to Ms. Fisher's medical opinions.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

22. Plaintiff is correct that the ALJ notes two of the opinions were "completed prior to the Res Judicata finding that the claimant could do light work." Tr. 22. However, as discussed in detail below, despite this reference to a res judicata finding, the ALJ does consider these prior opinions and they are included as part of Plaintiff's overall medical records. For all of these reasons, the ALJ did not improperly apply res judicata in this case.

**B. Credibility**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's statements about his or her symptoms alone will not suffice. *Id*. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

The court will consider this issue along with the other medical opinion evidence in Section C.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.*  Absent any evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d 661, 672 (9th Cir.2012) (quotation and citation omitted).

Plaintiff argues the ALJ improperly rejected Plaintiff's testimony concerning his limitations. ECF No. 15 at 18-19. The ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the … residual functional capacity assessment." Tr. 16. The ALJ listed multiple reasons in support of the adverse credibility finding.

First, the ALJ found "many inconsistencies between the claimant's statements and the objective medical evidence that undermine the claimant's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 13

credibility." Tr. 21. Subjective testimony cannot be rejected solely because it is not corroborated by objective medical findings, but medical evidence is a relevant factor in determining the severity of a claimant's impairments. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Further, in evaluating credibility, the ALJ may consider inconsistencies in Plaintiff's testimony or between his testimony and his conduct. *Thomas*, 278 F.3d at 958-59; *see also Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may consider prior inconsistent statements concerning symptoms in considering credibility). Plaintiff argues "the record is replete with objective medical evidence of impairments that reasonably could be expected to produce pain," and the ALJ's reasoning "improperly considers that medical evidence which is favorable to her decision." ECF No. 15 at 18-19. Plaintiff correctly notes that medical records reveal "spinal spondylosis and scoliosis, scarring of the lungs, and pleural effusion." ECF No. 15 at 19 (citing 323-24, 335, 336, 350). However, contrary to Plaintiff's argument that the ALJ improperly considered evidence unfavorable to her decision, all of these diagnoses are specifically referenced in the ALJ's decision. Tr. 17.

In addition, the ALJ relied on several inconsistencies between Plaintiff's testimony at the hearing and the medical evidence. Plaintiff testified that in 2007 he walked a mile a day with his dogs but "it slowly got shorter and shorter and shorter," and currently he can only walk 50 or 60 feet. Tr. 93. However, in March

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 14

2011 Plaintiff reported to Dr. MacLennan that he gets regular exercise walking his dog close to a mile every day, and assessed his own physical limitations as "walking no more than a mile in 45 minutes," standing "quite a while," and sitting "a while but he fidgets and moves back and forth all the time." Tr. 340. Plaintiff also testified that physical therapy only relieves his pain for the one hour he is being treated. Tr. 82. However, a number of physical therapy progress notes indicate he reported his pain is better; the therapist reports he is progressing well; and he reported in December 2011 that physical therapy helps. Tr. 373-376, 383. Moreover, Plaintiff wore a rigid cervical collar to the hearing but testified he does not wear it "24/7" and "[i]t does work sometimes." Tr. 91-92. However, medical records in December 2011 note that Plaintiff "was cautioned against using the rigid cervical collar on a frequent basis. He says this was suggested by his [primary care physician] but I could not find anything in the notes regarding its use." Tr. 384. Finally, Plaintiff testified that his pain medication makes him drowsy (Tr. 92-93), but also testified that he has difficulty sleeping (Tr. 96). The only side effect Plaintiff reported to his primary care physician was constipation. Tr. 334. All of these inconsistencies between Plaintiff's testimony and the objective record were properly considered by the ALJ, and they did not form the sole basis for her adverse credibility finding. Moreover, while evidence in the record could be interpreted more favorably to the Plaintiff, "where evidence is susceptible to more

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)("[t]he ALJ is responsible for determining credibility").

Although not addressed by Plaintiff in his briefing, the ALJ offered several additional clear and convincing reasons for discounting Plaintiff's credibility. The court notes that these reasons were not raised with specificity in Plaintiff's opening brief. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the court may decline to address issues not raised with specificity in Plaintiff's briefing). First, the ALJ found that "[d]espite subjective complaints of pain, [Plaintiff's] treatment has been largely conservative in nature." Tr. 17. "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (noting claimant's physical ailments were treated with an over-the-counter pain medication). In support of this argument, the ALJ cites to Ms. Fisher's completed DSHS physical evaluation noting that Plaintiff had no current treatment. Tr. 17 (citing Tr. 302). Ms. Fisher also opined that with treatment, Plaintiff's ability to work should be reevaluated in six months. Tr. 304. In March 2010, Plaintiff reported he was having problems with his right Achilles and "may have walked a bit further than usual." Tr. 334. He was assessed with mild Achilles

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 16

tendonitis and conservative care was recommended. *Id*. This was a clear and convincing reason to find the Plaintiff not credible.

Second, the ALJ correctly noted that despite Plaintiff's report to consultative psychologist Dr. MacLennan that he has always had anger and been depressed, the record does not include any evidence of treatment for his alleged mental health problems. Tr. 21. Unexplained, or inadequately explained, failure to seek treatment may be the basis for an adverse credibility finding unless there is a showing of a good reason for the failure.  *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). However, an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." Social Security Ruling ("SSR") 96-7p at *7 (July 2, 1996), available at 1996 WL 374186. Plaintiff testified that his medical insurance only covers a certain number of visits for physical therapy, but he does not indicate any restriction that would explain his failure to seek mental health treatment. Tr. 81-82. This was a clear and convincing reason to find Plaintiff not credible.

Finally, the ALJ found evidence of improvement of his physical symptoms when treated with medication and physical therapy. Tr. 17-19. An ALJ may rely on

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

the effectiveness of treatment to support an adverse credibility finding. *See*

*Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999)

(ALJ relied on report that Plaintiff's symptoms improved with the use of

medication). Here, the ALJ cited treatment records in 2009 and 2010 interpreting

CT scans as showing stability and improvement of nodules and a "tree-in-bud

pattern" when compared with previous objective testing. Tr. 321, 325. In 2010,

Plaintiff reported he had "not had any acute exacerbation in the last 1 year." Tr.

325. The ALJ also cited repeated notations in the medical records that Plaintiff's

hypertension, COPD, and GERD are controlled with medication. Tr. 307, 343,

352. Finally, the ALJ noted that physical therapy records in 2011 indicate Plaintiff

made improvement with treatment. Tr. 19. Specifically, the ALJ cited treatment

notes indicating that Plaintiff "made gains" (Tr. 364), "improved overall strength"

(Tr. 367), and was "progressing well" and reporting his "pain is better" (Tr. 373).

Plaintiff argues the ALJ erred in this reasoning because she "fails to appreciate the

difference in treatment/improvement from treatment in [Plaintiff's] lower back as

opposed to his neck, upper back, shoulders, and headaches." ECF No. 23 at 6-8.

Plaintiff is correct that physical therapy records consistently note Plaintiff's reports

of pain and weakness in his upper spine and neck, as well as tension headaches. Tr.

358-367. However, the ALJ's decision did acknowledge that despite improvement,

"he still has difficulty with upper body strength and weakness across his upper

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 18

back that leads him to the tension cervical pain that he has and headaches. Tr. 19.

Moreover, even assuming this reasoning was unsupported by the overall record,

any error was harmless because, as discussed above, the ALJ articulated clear and

convincing reasons for her adverse credibility finding that were supported by

substantial evidence. *See Carmickle*, 533 F.3d at 1162-63.

For all of these reasons, and having thoroughly reviewed the record, the

court concludes that the ALJ supported her adverse credibility finding with

specific, clear and convincing reasons supported by substantial evidence.

## C. Medical Opinions

There are three types of physicians: "(1) those who treat the claimant

(treating physicians); (2) those who examine but do not treat the claimant

(examining physicians); and (3) those who neither examine nor treat the claimant

[but who review the claimant's file] (nonexamining [or reviewing] physicians)."

*Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted).

Generally, a treating physician's opinion carries more weight than an examining

physician's, and an examining physician's opinion carries more weight than a

reviewing physician's. *Id.*  If a treating or examining physician's opinion is

uncontradicted, the ALJ may reject it only by offering "clear and convincing

reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d

1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 19

opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)). Plaintiff argues the ALJ failed to properly credit the treatment records and opinions of Dr. Catherine A. MacLennan and Deborah Fisher, PAC.[2]  ECF No. 15 at 17-18.

### 1.  Dr. Catherine A. MacLennan

In March 2011, Dr. MacLennan completed a consultative psychological evaluation of Plaintiff. Tr. 337-341. She diagnosed "alcohol dependency by history, quit, and now he drinks in alleged moderation," and antisocial personality disorder. Tr. 340. Dr. MacLennan opined that Plaintiff's "personality would be a problem in any work setting." Tr. 341. She also opined that Plaintiff

---

[2] Plaintiff cursorily argues that the ALJ erred by failing to credit Dr. Michael Bordner's treatment record indicating that Plaintiff had "severe chronic neck and upper back pain as well." ECF No. 15 at 17 (citing Tr. 343). However, as correctly noted by Defendant, the ALJ expressly considered Dr. Bordner's treatment records in her decision, and at step two found "left shoulder, neck and upper back strain, chronic" was a severe impairment. Tr. 12, 18. Moreover, the record does not include discussion or an opinion by Dr. Bordner as to any work-related limitations. *See* Tr. 334, 343-344, 349, 352. Thus, Plaintiff fails to show harmful error by the ALJ in considering Dr. Bordner's treatment notes.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 20

is apparently able to function in an independent manner in terms of his activities of daily living …. [Plaintiff] is able to reason. He has very poor judgment by history, and poor executive functioning skills…. There was no indication of difficulty following or participating in conversation. He understands what is said to him and generally remembers what is said. He probably has difficulty with sustained concentration, pace and persistence. He is able to sustain focused attention long enough to ensure the timely completion of tasks (e.g. in everyday household routines)…. [Plaintiff's] social interactions in general are restricted and limited…, and he has difficulty getting along with others. This indicates it is likely he would not be able to get along with others in a work setting. He has problems with authority, would not be able to interact with the public, or respond appropriately to supervisors."

Tr. 341. Finally, Dr. MacLennan opined that Plaintiff's "physical pain interferes with his ability to persist through the workday in other than sedentary employment." Tr. 341. The ALJ accorded weight to Dr. MacLennan's opinion because "she had the opportunity to examine the [Plaintiff] and her opinion is generally consistent with the totality of the record. However, the [ALJ] does not accept her opinion that the [Plaintiff's] physical pain interferes with his ability to persist through the workday in other than sedentary employment as she is not a specialist in this field." Tr. 22. Plaintiff argues that "[b]y isolating only the portions of Dr. MacLennan's report that supported her decision and not considering evidence in the report favorable to [Plaintiff]/the report as a whole, the ALJ erred." ECF No. 15 at 18.

As an initial matter, while Plaintiff cites to portions of Dr. MacLennan's findings, he does not analyze how this medical opinion was erroneously rejected or

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 21

inconsistent with the RFC. *See Carmickle*, 533 F.3d at 1161 n.2 (court may decline to address any issue not raised with specificity in Plaintiff's briefing).  Moreover, contrary to Plaintiff's argument that the ALJ did not consider evidence favorable to the Plaintiff, the ALJ's decision fully recounts all of Dr. MacLennan's findings, including evidence that Plaintiff has difficulty with sustained concentration, "frightens and alienates others," has problems with authority and interacting with the public, and does not cope well with stress. Tr. 19. While this could be interpreted more favorably to the Plaintiff, it is susceptible to more than one rational interpretation, and therefore the ALJ's conclusion must be upheld. *See Burch*, 400 F.3d at 679. Finally, and most significantly, the ALJ did not reject Dr. MacLennan's opinion as to Plaintiff's mental health limitations.[3] Rather, she

---

[3] The ALJ *did* reject Dr. MacLennan's opinion that "Plaintiff's *physical pain* interferes with his ability to persist through the workday in other than sedentary employment as she is not a specialist in this field." Tr. 22 (emphasis added). However, Plaintiff does not challenge Dr. MacLennan's opinion as to Plaintiff's physical limitations with specificity in his opening brief, rather, he confines his argument entirely to Dr. MacLennan's opinion regarding Plaintiff's mental health limitations. Thus, the court declines to address this issue. *See Carmickle*, 533 F.3d at 1161 n.2 (court may decline to address any issue not raised with specificity in Plaintiff's briefing).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 22

accorded Dr. MacLennan's opinion weight and included the restrictions opined by

Dr. MacLennan in the RFC, as follows: "able to understand, remember and carry

out simple routine and repetitive tasks; able to sustain concentration, persistence

and pace on simple and routine tasks; no interaction with the public; and only

occasional superficial (defined as non-collaborative) interaction with coworkers

and supervisors." Tr. 15. Plaintiff's briefing also does not identify with specificity

any discrepancy between Dr. MacLennan's opinion and the RFC. *See Carmickle*,

533 F.3d at 1161 n.2. Thus, even assuming that the ALJ improperly "rejected" Dr.

MacLennan's opinion, any error was harmless. *Molina*, 674 F.3d at 1115 (error is

harmless "where it is inconsequential to the [ALJ's] ultimate nondisability

determination").

### 2. Deborah Fisher, PAC

In July 2008, on Plaintiff's first visit with Ms. Fisher, she noted diagnoses of

recurrent pleural effusion, COPD, and thoracic scoliosis. Tr. 303. Ms. Fisher noted

that Plaintiff had no current treatment and was still under evaluation for pleural

effusion. Tr. 302. She noted under "examination results" that Plaintiff "self limited

due to pain" and refused range of motion testing in his shoulders, back and hips

due to subjective reports of pain. Tr. 17, 302. Ms. Fisher assessed his overall work

level as sedentary. Tr. 303. In January 2010, Ms. Fisher again assessed Plaintiff's

overall work level as sedentary and noted that he had restricted postural activities

due to pain that should be "performed on a seldom to occasional basis." Tr. 18,

309. She noted diagnoses of scoliosis with chronic pain, COPD, GERD, HTN, and

a shoulder rotator cuff tear. Tr. 309. She noted that once Plaintiff has

recommended treatment, his ability to work should be reevaluated in 6 months. Tr.

310. In December 2010, Ms. Fisher completed a brief 2-page DSHS evaluation

opining that Plaintiff was able to stand or sit for 2 hours in an 8 hour workday; and

lift 15 pounds occasionally and 5 pounds frequently. Tr. 329. An accompanying

treatment note indicated that Plaintiff had decreased range of motion in his upper

extremities and cervical spine; but had full range of motion of his lumbar spine. Tr.

331. Finally, in December 2011, Ms. Fisher opined that Plaintiff had work

restrictions of lifting a maximum of ten pounds occasionally and 2 pounds

frequently. Tr. 379. The accompanying treatment note indicated decreased range

of motion to thoracic spine with rotation, swelling in the lift knee, and decreased

range of motion to the neck and both upper extremities. Tr. 384. Ms. Fisher opined

that Plaintiff should avoid prolonged standing and sitting with frequent position

changes. Tr. 384.

     As a physician assistant, Ms. Fisher is not an "acceptable medical source"

within the meaning of 20 C.F.R. § 416.913(a). Instead, Ms. Fisher qualifies as an

"other source" as defined in 20 C.F.R. § 416.913(d). *Molina v. Astrue*, 674 F.3d

1104, 1111 (9th Cir. 2012). The ALJ need only provide "germane reasons" for

disregarding Ms. Fisher's opinion. *Molina*, 674 F.3d at 1111. However, the ALJ is required to "consider observations by nonmedical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987). Factors for considering opinion evidence from "other sources" include: length and nature of treatment relationship; how well the source explains an opinion and presents evidence in support of the opinion; how consistent the opinion is with medical evidence; and whether the source has a specialty or expertise. SSR 06-03p (Aug. 9, 2006), *available at* 2006 WL 2329939 at *4.

The ALJ gave "little weight" to Ms. Fisher's opinions. Tr. 22.  First, Plaintiff argues the ALJ failed to "properly afford the requisite heightened weight to [Plaintiff's] treating physician(s)." ECF No. 15 at 16. Plaintiff identifies Ms. Fisher as Plaintiff's treating medical provider, however, a review of the record reveals that Ms. Fisher only examined Plaintiff for the purposes of four discrete DSHS evaluations over the course of four years. Tr. 301, 307, 329, 379. Moreover, Ms. Fisher's evaluations specifically note that she did not provide ongoing care to the Plaintiff. Tr. 304, 310. Second, Plaintiff generally argues that the ALJ erred by failing to properly credit Ms. Fisher's assessment that Plaintiff had "several functional limitations and his work level [was] sedentary." ECF No. 15 at 17. However, Plaintiff does not specifically address any of the multiple reasons given by the ALJ for rejecting Ms. Fisher's opinion. *See Carmickle*, 533 F.3d at 1161 n.2

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 25

(court may decline to address any issue not raised with specificity in Plaintiff's briefing).

First, the ALJ found that Ms. Fisher's opinion was "based in significant part upon the claimant's unreliable subjective allegations." Tr. 22. In support of this argument, the ALJ cited Ms. Fisher's note that Plaintiff "self limited due to pain" and refused to do range of motion testing due to alleged pain. Tr. 302, 308. "An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). This was a germane reason for the ALJ to reject Ms. Fisher's opinion.

Second, the ALJ found that "[t]he evaluation forms completed during [Ms. Fisher's] DSHS evaluations were completed by checking boxes and contain few objective findings in support of the degree of limitation opined." Tr. 22. "[A]n ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957; *see also Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (permissible to reject check-box evaluations that do not contain any explanation of the bases of the conclusions). The ALJ also cites to Ms. Fisher's notes indicating that Plaintiff was able to walk on heel and toes without difficulty (Tr. 347), and findings of normal strength and gait and intact reflexes (Tr. 383-384). *See Bayliss*, 427 F.3d at 1216 (discrepancy

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 26

1   between treating physician's opinion and clinical notes justified rejection of

2   opinion). In his reply brief Plaintiff argues Ms. Fisher's "opinions were not

3   conclusory and do, in fact, contain explanations of the evidence relied on." ECF

4   No. 23 at 9. Specifically, Plaintiff cites to portions of Ms. Fisher's evaluation in

5   December 2011 reflecting Plaintiff's reports of neck pain and occasional left arm

6   numbness, his diagnosis of thoracic scoliosis, and the range of motion evaluation

7   chart included with her evaluation. Tr. 383-384. However, subjective reports from

8   Plaintiff are not objective clinical findings; and the range of motion evaluation,

9   unaccompanied by narrative explanation, is the only support for the limitations

10  assessed by Ms. Fisher. Tr. 381-382. Further, as noted by the ALJ, Plaintiff largely

11  refused to participate in range of motion evaluations completed in July 2008 and

12  January 2010. The overall medical evidence could be susceptible to more than one

13  rational interpretation, and therefore the ALJ's conclusion must be upheld. *See*

14  *Burch*, 400 F.3d at 679.

15      As a final matter, although not addressed by either party, the ALJ noted that

16  Plaintiff "saw Ms. Fisher to be evaluated or reevaluated for public assistance

17  eligibility, or for benefit eligibility review, under state rules. The results of these

18  procedures and evaluations do not demonstrate 'disability' for the purposes of this

19  analysis." Tr. 22. The ALJ is correct that the final decision on the issue of

20  disability is reserved to the Commissioner. *See* §§ 404.1527(d)(3),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 27

416.927(d)(3)("[w]e will not give any special significance to the source of an

opinion on issues reserved to the Commissioner."); Soc. Sec. Ruling ("SSR") 96-

5p, *available at* 1996 WL 374183 at *2 (July 2, 1996) ("treating source opinions

on issues that are reserved to the Commissioner are never entitled to controlling

weight or special significance."). However, this is not a germane reason for

rejecting Ms. Fisher's opinion. The regulations require that every medical opinion

will be evaluated regardless of its source. *See* 20 C.F.R. §§ 404.1527(c),

416.927(c). Furthermore, it is improper for an ALJ to consider the purpose for

which a medical report is obtained. *Lester*, 81 F.3d at 832. However, this error was

harmless because, as discussed above, the ALJ articulated germane reasons for

rejecting Ms. Fisher's opinions that were supported by substantial evidence.  *See*

*Carmickle*, 533 F.3d at 1162-63.

**D. Step Five**

Last, Plaintiff argues the ALJ "did not properly credit" the medical opinions

and Plaintiff's subjective testimony; and therefore erred at step five by posing an

incomplete hypothetical to the vocational expert. ECF No. 15 at 19-20. Plaintiff is

correct that "[i]f an ALJ's hypothetical does not reflect all of the claimant's

limitations, the expert's testimony has no evidentiary value to support a finding

that the claimant can perform jobs in the national economy." *Bray v. Comm'r of*

*Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009)(citation and quotation

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 28

marks omitted). However, as discussed in detail above, the ALJ's rejection of the Dr. MacLennan and Ms. Fisher's medical opinions, and Plaintiff's subjective testimony, was supported by the record and free of legal error. The hypothetical proposed to the vocational expert contained the limitations reasonably identified by the ALJ and supported by substantial evidence in the record. The ALJ did not err at step five.

**CONCLUSION**

After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 22, is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

**DATED** this 6th day of November, 2014.

                    __s /Fred Van Sickle_____
                       Fred Van Sickle
            Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 29